UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re<br><br>TC GLOBAL, INC.<br>                    Debtor.<br>--------------------------------------------------------<br><br>TC Global Inc.,<br><br>                    Plaintiff,<br><br>          v.<br><br>GLOBAL BARISTAS, LLC,<br><br>                    Defendant. | CASE NO. 2:13-cv-02333-RSM<br><br>Bankr. Case No. 12-20253-KAO<br>Adv. Proc. No. 13-01540-KAO<br><br><br><br>**ORDER DENYING DEFENDANT'S MOTION FOR WITHDRAWAL OF REFERENCE** |

This matter comes before the Court on Motion for Withdrawal of Reference (Dkt. # 1) by Defendant Global Baristas, LLC. Having considered the memoranda filed in support of and in opposition to the motion and the remainder of the record, the Court denies Defendant's Motion for the reasons stated herein.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff and Debtor TC Global, Inc. ("TC Global"), operating formerly as Tully's Coffee, filed a Chapter 11 bankruptcy on October 10, 2012 in order to conduct a going concern sale of its assets to satisfy its prepetition creditors. *See In re TC Global Inc.*, No. 12-20253, Dkt. # 376. TC Global proceeded to conduct an auction and sale process pursuant to Bankruptcy Code § 363, 11 U.S.C. § 363. TC Global selected Defendant Global Baristas, LLC ("Global Baristas") as the

ORDER DENYING WITHDRAWAL OF REFERENCE - 1

successful bidder. *Id.* at Dkt. # 523. On January 18, 2013, the Bankruptcy Court entered an order (the "Sale Order") approving the sale to Global Baristas subject to the terms of an Asset Purchase Agreement executed by the parties ("APA"). The sale closed on June 30, 2013. *Id.* at Dkt. # 779.

Section 2.6(b) of the APA describes a procedure to determine any purchase price adjustments. Defendant did not submit a post-closing statement within 30 days of closing, as Plaintiff contends was required under the APA. Plaintiff accordingly filed a Motion for Determination of Purchase Price Adjustments. *Id.* at Dkt. # 872. Through an oral ruling on October 4, 2013, the Bankruptcy Court made a preliminary determination in favor of Plaintiff and invited Plaintiff to commence an adversary proceeding in order to seek relief. *Id.* at Dkt. # 928-1. On October 29, 2013, the Court amended this ruling in order to revoke its prior finding that APA § 2.6 made adjustments mandatory and clarified that the debtor must initiate an adversary action to enforce the APA pursuant to Fed. R. Bankr. P. 7001(1). *Id*. at Dkt. # 971.

TC Global commenced the above-captioned adversary proceeding on October 22, 2013. *See TC Global, Inc. v. Global Baristas, LLC*, No. 13-01540KAO, Dkt. # 1. Global Baristas filed the instant Motion to Withdraw the Reference on December 2, 2013. *Id.* at Dkt. # 11. While this Motion was pending, the Bankruptcy Court entered partial summary judgment in favor of TC Global, ruling that Defendant breached APA § 2.6(b) by failing to provide Plaintiff a post-closing statement. *See Id.* at Dkt. ## 28, 46. On appeal to the District Court for the Western District of Washington, Judge Lasnik has since entered an order upon *de novo* review affirming the judgment of the Bankruptcy Court. *See* No. C14-0431RSL, Dkt. # 13.

## DISCUSSION[1]

The Western District of Washington has referred to bankruptcy judges "all proceedings arising under 11 or arising in or related to a case under Title 11." LCR 87; 28 U.S.C. § 157(a).

---

[1] As the Court finds good cause for Plaintiff's slight delay in filing its response brief, and in light of the Court's preference for resolving matters on their merits, the Court denies Defendant's Motion to Strike Plaintiff's untimely response brief (Dkt. # 1, p. 54).

ORDER DENYING WITHDRAWAL OF REFERENCE - 2

Bankruptcy judges in turn are empowered to "hear and determine all cases under Title 11 and all core proceedings arising under Title 11, or arising in a case under Title 11" that has been referred by the district court. 28 U.S.C. § 157(b)(1). If a proceeding is not a core proceeding, as classified under the Bankruptcy Code, 28 U.S.C. § 157(b)(2), but is "otherwise related to a case under Title 11," the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, which shall enter final order and judgment, with any disputed findings and conclusions subject to *de novo* review. 28 U.S.C. § 157(c). On its own or on timely motion of a party, the district court may withdraw any referred proceeding for cause shown. 28 U.S.C. § 157(d).[2]

In determining whether cause exists to withdraw the reference under § 157(d) of the Bankruptcy Code, courts consider: "the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *Security Farms v. International Broth. of Teamsters, Chauffer, Warehousemen, & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997) (citing *In re Orion Pictures, Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993)). Questions of efficiency and uniformity turn largely on the district court's evaluation of whether the claim is "core" or "non-core." *In re Orion*, 4 F.3d at 1101; *Sec. Farms*, 124 F.3d at 1008 (considering whether non-core issues predominate). The motion to withdraw must also be "timely," that is filed "as promptly as possible in light of the developments in the bankruptcy proceeding," *Sec. Farms*, 124 F.3d at 107 n. 3, though the court may still withdraw a reference "on its own motion" at any time. 28 U.S.C. § 157(d); *In re Hall, Bayoutree Assocs., Ltd.*, 939 F.2d 802, 805 (9th Cir. 1991).

Here, all factors point toward denying the withdrawal motion. The Bankruptcy Court is already familiar with the APA, which it itself entered, as well as the issues at the heart of this

---

[2] Although 28 U.S.C. § 157(d) also provides for mandatory withdrawal of a referred proceeding where its resolution requires consideration of federal law, both parties to the instant proceeding appear to agree, and the Court concurs, that only permissive withdrawal is at issue.

ORDER DENYING WITHDRAWAL OF REFERENCE - 3

adversary proceeding, which were briefed in conjunction with TC Global's adjustment motion. Further, the Bankruptcy Court has already entered judgment in favor of TC Global and judgment has been affirmed upon *de novo* review of the district court. Taking the matter away from a court that has already made a determination that has withstood appeal would be antithetical to the efficient use of judicial resources and would only delay the resolution of the underlying dispute. Although TC Global does not contest the timeliness of Global Barista's withdrawal motion, Global Barista has not explained why it waited several months after the adversary proceeding was referred to file the instant motion. *Cf. Sec. Farms*, 124 F.3d at 1007 n. 3 (finding motion to withdraw the reference timely where it was filed six days after the proceeding was automatically referred to the bankruptcy court). Global Baristas' filing of the instant motion on the eve of the Bankruptcy Court's determination of TC Global's summary judgment motion also smells of the sort of forum shopping that cuts against cause for withdrawal.

The Court also agrees with TC Global that the instant matter is properly classified as a core proceeding. "Core proceedings," as designated by Congress, include "matters concerning the administration of the estate," "orders approving the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate," and "other proceedings affecting the liquidation of the assets of the estate." 28 U.S.C. § 157(b)(2)(A), (N), & (O). The instant proceeding squarely concerns the administration of TC Global's estate and the sale or liquidation of its assets to Global Baristas. At its heart, the dispute goes to the purchase price of TC Global's assets, as provided under the APA and effected by the Sale Order. In addition, bankruptcy courts have "corollary jurisdiction to interpret and enforce their own orders carrying out the provisions of the Bankruptcy Code." *In re Karykeion, Inc.*, 2013 WL 1890626, *3 (9th Cir. 2013). As in *In re Karykeion*, this adversary proceeding "turn[s] on the interpretation of agreements approved by and incorporated into a section 363 sale order" and is consequently considered a "core matter." *Id.* There is no question that bankruptcy courts have jurisdiction to interpret their own orders and ensure their execution, which is precisely what is

ORDER DENYING WITHDRAWAL OF REFERENCE - 4

being asked of the Bankruptcy Court in this case. *See, e.g., In re Franklin*, 802 F.2d 324, 326 (9th Cir. 1986) ("[B]ankruptcy courts must retain jurisdiction to construe their own orders if they are to be capable of monitoring whether those orders are ultimately executed in the intended manner."); *In re Traveler's Indem. Co.*, 557 U.S. 137, 151 (2009) (holding that "the Bankruptcy Court plainly had jurisdiction to interpret and enforce its own prior orders").

Even if Plaintiff's claim is "non-core,"[3] it may still be referred to the Bankruptcy Court for final judgment based on the consent of the parties, as the proceeding as the unequivocally relates to Title 11. *See* 28 U.S.C. § 157(c)(2) (providing that "the district court, with the consent of all parties to the proceeding, may refer a proceeding related to a case under Title 11 to a bankruptcy judge to hear and determine"); *see also Executive Benefits Ins. Agency v. Arkison*, 134 S.Ct. 2165, 2173 (recognizing that "§ 157 permits a bankruptcy court to adjudicate a claim to final judgment… in 'non-core proceedings 'with the consent of all the parties'") (quoting 28 U.S.C. § 157(c)(2)). Global Baristas expressly consented to adjudication by the Bankruptcy Court of matters in an adversary proceeding. *See, e.g.,* Sale Order at ¶ 19 (providing that the Bankruptcy Court "retains jurisdiction to enforce and implement the terms and provision of this Order and the [APA]…including, but not limited to, retaining jurisdiction to…resolve any disputes arising under or related to the [APA]"); APA at § 11.3 ("The parties hereto irrevocably submit to the exclusive jurisdiction of the United States Bankruptcy Court…over any dispute arising out of or relating to this Agreement…. Each party hereby irrevocably agrees that all claims in respect of such dispute or proceedings may be heard and determined in such courts.") & § 11.17 (providing that the

---

[3] Global Baristas spends a great deal of its briefing arguing that the Bankruptcy Court lacks constitutional authority to enter final judgment, even if Plaintiff's claims are core. For support, Plaintiff cites to *Stern v.* Marshall, 131 S.Ct. 2594, in which the Supreme Court determined that Congress could not confer on the Bankruptcy Court the authority to decide a counterclaim for tortious interference. The Court does not agree that the instant case would present such a so-called *Stearn* claim. Even if it did, the Supreme Court has not disturbed the Ninth Circuit's holding that the right to a hearing before an Article III tribunal would still be waivable. *In re Bellingham Ins. Agency, Inc.*, 702 F.3d 553, 566 (9th Cir. 2012); *Executive Benefits Ins. Agency v. Arkison*, 134 S.Ct. 2165, 2173-74 (2014) (clarifying that *Stern* claims "proceed as non-core within the meaning of § 157(c)" and declining to reach the question of whether a party is constitutionally entitled to Article III review of a *Stern* claim regardless of consent to adjudication by a bankruptcy court).

ORDER DENYING WITHDRAWAL OF REFERENCE - 5

parties agree to the exclusive jurisdiction of the Bankruptcy Court to determine any dispute arising out of relating to the APA). Defendant also waited to raise any objections to the Bankruptcy Court's jurisdiction until well after the adjustment motion had been argued, denying consent for the first time in its Answer filed on November 25, 2013. *See* Dkt. # 1, p. 34. In addition to these express and affirmative indications, Defendant's own actions provide considerable indicia of consent. *See In re Bellingham*, 702 F.3d at 569 (affirming its holding that "a litigant's actions may suffice to establish consent").

Finally, Plaintiff's request is effectively moot now that the district court has affirmed the Bankruptcy Court's decision upon *de novo* review. Global Baristas admits that, at a minimum, the Bankruptcy Court is empowered to hear the adversary proceeding and submit its proposed findings and conclusions to the District Court. *See* Dkt. # 1, pp. 14-15. Where, as here, a proceeding is related to a Title 11 case, the Bankruptcy Judge is permitted under 28 U.S.C. § 157(c)(1) "to submit proposed findings of fact and conclusions of law to the District Court to be reviewed *de novo*." *Executive Benefits*, 134 S.Ct. at 2174. As in *Executive Benefits*, the "District Court's *de novo* review and entry of its own valid final judgment cured any error" that existed on account of the Bankruptcy Court's adjudication of the claim to final judgment. *Id.* at 2175. The ultimate result would be no different had the District Court simply relabeled the bankruptcy order as proposed findings of fact and conclusions of law. *Id.* at 2175. The Court declines to withdraw the reference under these circumstances.

## CONCLUSION

For the foregoing reasons, the Court hereby ORDERS that Defendant's Motion to Withdraw the Reference (Dkt. # 1) is DENIED. This withdrawal proceeding shall be CLOSED.

Dated this 17 day of November 2014.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING WITHDRAWAL OF REFERENCE - 6